Felix **TIPTON** et al., Appellants,

v.

Charles H. **WHITE,** Judge Clay County, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1956.

T. T. Burchell, Manchester, for appellants.

Charles C. Smith, Manchester, for appellee.

SIMS, Judge.

This is a taxpayer's suit against the fiscal court of Clay County to require it to enforce KRS Chapter 258, commonly known as the "dog law." The court dismissed the complaint and this appeal followed.

The original complaint filed by Felix Tipton, as a taxpayer of Clay County, charged the dog law was unpopular and for political reasons the members of the fiscal court were failing to enforce it. The complaint asked that the fiscal court be required to appoint a dog warden, to construct a dog pound and to have the dogs of Clay County inoculated for the prevention of rabies as required by KRS Chapter 258.

The answer averred that on June 29, 1954, the fiscal court by its order appointed J. P. Anderson, of Manchester, Ky., dog

warden for Clay County for a period of one year, and that he qualified as such and "now is and has been at all times herein the appointed, qualified and acting dog warden of Clay County." That pleading further averred the fiscal court by its order authorized J. M. Sizemore, Jailer of Clay County, to construct prior to July 1, 1955, a dog pound in compliance with KRS Chapter 258, and Sizemore "was present and accepted said offer." A reply averred the dog warden so appointed was a drug addict and incompetent.

Tipton moved to be allowed to withdraw his name as plaintiff and another taxpayer, Ray Smith, moved to be substituted for Tipton as plaintiff. Both motions were sustained. Some additional pleadings were required to be filed due to the fact that copies of original pleadings had not been served and certified as required by CR 5.01 et seq., also, by the substitution of Smith as plaintiff, who filed an amended complaint. But we deem it unnecessary to do more than mention these additional pleadings as they did not change the issues.

On August Rule Day 1955, defendants moved to dismiss the complaint because the action was not brought in good faith and because the court could not grant the relief asked. Plaintiff had previously moved to "dismiss the answer." It is patent the court treated these motions as asking for judgment on the pleadings, as he had a right to do under CR 12.03. See Clay, CR p. 145, annotation 7; Brown v. W. T. Grant Co., D.C. 53 F.Supp. 182. The court dismissed the complaint and to determine whether this ruling is correct we must examine KRS Chapter 258.

It is provided in KRS 258.075 that the State Board of Health is to administer the provisions of the dog law which relate to vaccination against rabies. And KRS 258.105 says the Commissioner [which under KRS 258.095(2) means the Commissioner of Agriculture, Labor and Statistics] "shall enforce the provisions of this chapter relating to the licensing and regulation of dogs and the protection of livestock from damage by dogs." The duty imposed on the fiscal court by KRS 258.195 is that on or before July 1, 1954, it shall employ a dog warden, and on or before July 1, 1955, it shall establish and maintain a dog pound "as a means of facilitating and administration [sic] of this chapter." Under KRS 258.135 it is provided: "Dog wardens shall be agents of the Commonwealth in the collection of the license fees provided for herein, unless the department determines, with the approval of the Governor, to issue all licenses either directly or through other agents."

We see from the various statutes to which we have just alluded that the fiscal court performed its duties under KRS Chapter 258 when it appointed a dog warden, who qualified and assumed his duties, and when that court established a dog pound. As the answer appropriately pleaded the fiscal court had appointed a dog warden and had established a dog pound, which was not denied by the pleadings of appellants, the court properly dismissed the complaint.

The judgment is affirmed.